UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT MITCHELL,

    Plaintiff,

v.

ROBERT W. POWERS, PH.D., *et al*,

    Defendants.

Case No. C09-5504RBL-KLS

ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S ORIGINAL COMPLAINT

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72. Plaintiff is proceeding *in forma pauperis* in this matter. This case is before the Court upon it's review of the original complaint filed on August 18, 2009.[1] (Dkt. #1). After reviewing that complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous if it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). To state a

---

[1] As explained in the Order Granting Plaintiff's Motion to Strike Amended Complaint and Substitute Original Complaint, dated the same date herewith, the amended complaint plaintiff subsequently filed in this matter has been stricken and is no longer a part of this case.

claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).

Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985). Facts showing how individually named defendants caused or personally participated in causing the harm being claimed in the complaint also must be alleged. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). Thus, a theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff names four individuals as defendants in his complaint. However, with respect to one of those named defendants, Gregory M. Kramer, plaintiff alleges no facts as to how that defendant caused or personally participated in causing the harm alleged. Plaintiff does allege the other named defendants – Robert W. Powers, Ph.D., Dr. Gleyzer and Dr. Leong – gave false information regarding him in a forensic psychological report, but an inmate "has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) (finding that since prisoner was granted hearing and afforded opportunity to rebut charges against him, fact that charges filed by prison guard were unfounded did not give rise to *per se* constitutional violation); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (inmate's claims based on falsity of charges brought by prison counselor standing alone did not state constitutional claim).

Plaintiff further alleges the lack of a recording device and mail log in his unit, resulted in the false forensic psychological report, as well as in a failure to deliver pardon requests to a number of government officials, and "various other problems" such as a lack of medicine, no fitness program, or equipment in the prison gym. (Dkt. #1-2, p. 3). In addition, plaintiff alleges that there have been no recent magazines, and that mail has been stolen or censored. (Id.). Plaintiff, though, does not allege that any individually named defendant caused or personally participated in causing this alleged harm. Indeed, plaintiff does

ORDER
Page - 2

1  not allege any particular violation of federal law anywhere in his complaint.

2  Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than November 22, 2009**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 23rd day of October, 2009.

Karen L. Strombom
United States Magistrate Judge